**SHAO LIN JIANG, Plaintiff–Appellant,**

v.

**FLUSHING CENTER INC., Sheraton LaGuardia East, Defendant–Appellee.**

No. 09–2036–cv.

United States Court of Appeals, Second Circuit.

Dec. 21, 2009.

Shao Lin Jiang, Flushing, NY, pro se.

David I. Rosen, Littler Mendelson, P.C., Newark, NJ, for Appellee.

PRESENT: GUIDO CALABRESI, JOSÉ A. CABRANES and B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

Plaintiff Shao Lin Jiang, *pro se*,[1] ("plaintiff" or "Jiang") appeals the April 17, 2009 judgment of the District Court granting the motion for summary judgment of defendant Flushing Center, Inc./ Sheraton LaGuardia East ("defendant" or "Flushing") and dismissing Jiang's claims of employment discrimination under Title VII, 42 U.S.C. § 2000e. On appeal, Jiang argues that the District Court erred in dismissing his unequal pay claim as untimely filed and concluding that Jiang failed to state a prima facie case of retaliation. We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, because Jiang does not challenge the District Court's dismissal of his failure to promote and disciplinary discrimination claims, or the District Court's decision not to exercise supplemental jurisdiction over his state law claims, those claims are abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir.1995) (when a litigant, even if proceeding *pro se*, raises an issue before the district court but does not raise it on appeal, it is abandoned). We therefore review only the District Court's grant of summary judgment insofar as it concluded that Jiang's unequal pay claim was untimely and that Jiang failed to state a prima facie claim of retaliation.

We review a district court's decision to grant summary judgment *de novo*, drawing all factual inferences in favor of the non-moving party. *See, e.g., Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 107 (2d Cir.2008). Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c).

We have reviewed each of Jiang's claims and find them to be without merit. Substantially for the reasons stated by Magistrate Judge Bloom in her careful and thoughtful report and recommendation of March 9, 2009, *see Shao Lin Jiang v. Flushing Center Enc./Sheraton LaGuardia East*, 06–CV–3729 (E.D.N.Y. March 9, 2009), which the District Court adopted in its April 16, 2009 order, *see Shao Lin Jiang v. Flushing Center Enc./Sheraton LaGuardia East*, 06–CV–3729 (E.D.N.Y. April 16, 2009), the April 17, 2009 judgment of the District Court is **AFFIRMED.**

---

1. We note that Jiang proceeded with counsel before the District Court and proceeds here *pro se*.